IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MICHEAL OSHEY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-044 |
| | ) | |
| SHERIFF SIM DAVIDSON, | ) | |
| | ) | |
| Defendant. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently detained at Telfair County Jail, filed this case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  SCREENING THE AMENDED COMPLAINT

  A.  BACKGROUND

Plaintiff names the one Defendant in his amended complaint: Telfair County Sheriff Sim Davidson. (Doc. no. 1, pp. 1-2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Since March 29, 2023, Plaintiff has been in pretrial detention at the Telfair County Jail, operated by the Telfair County Sheriff's Office led by Defendant. (See doc. no. 1, pp. 4-5.) Plaintiff alleges Defendant has denied Plaintiff "of his constitutional privileges of: recreat[ion],

sunlight and fresh air daily." (Id. at 3, 5.)  Plaintiff filed a grievance but did not receive an answer. (Id. at 6.)  For relief, he seeks $150,000 in damages.  (Id. at 5-8.)

**B.    DISCUSSION**

**1.    Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting

2

Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Valid Claim for Conditions of Confinement

"[T]he Constitution does not mandate comfortable prisons." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Rather, the Eighth Amendment requires that prisoners are afforded adequate food, clothing, shelter, and medical care, and prison officials must take reasonable measures to ensure prisoner safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, "inmates cannot expect the amenities, conveniences and services of a good hotel." Alfred v. Bryant, 378 F. App'x 977, 980 (11th Cir. 2010) (*per curiam*).

In the context of pretrial detainees, whose constitutional rights are protected under the Fourteenth Amendment's Due Process Clause, the Supreme Court mandates detainee treatment may not amount to punishment; therefore, restrictions must be reasonably related to a legitimate government objective. See Bell v. Wolfish, 441 U.S. 520, 536-40 (1979); Lynch v. Baxley, 744 F.2d 1452, 1463 (11th Cir. 1984). A court must determine whether conditions are "more restrictive than necessary to assure [the plaintiff's] presence at trial or to preserve

security." Miller v. Carson, 563 F.2d 741, 750 (5th Cir. 1977).[1]  The Eleventh Circuit has further held:

> [T]he level at which states provide pretrial detainees with basic necessities—in addition to being "reasonably related to a legitimate governmental objective"—must meet the standards applied under the eighth amendment prohibition on cruel and unusual punishment, i.e. they must furnish the detainees with a reasonably adequate diet and living space . . . .

Hamm v. DeKalb Cnty., 774 F.2d 1567, 1574 (11th Cir. 1985).  Accordingly, "the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment to convicted persons."  Id.; Belcher v. City of Foley, Ala., 30 F.3d 1390, 1396 (11th Cir. 1994).

Under the Eighth Amendment, challenges to conditions of confinement are subject to a two-part analysis.  Chandler, 379 F.3d at 1289.  First, Plaintiff must satisfy an objective prong by showing the conditions about which he complains are sufficiently serious.  Id.  The conditions of his confinement must be "extreme" such that it "poses an unreasonable risk of serious damage to his future health or safety."  Id.; see also Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (*per curiam*); Ivory v. Warden, 600 F. App'x 670, 676-77 (11th Cir. 2015) (*per curiam*).  "The risk must be 'so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'"  Redding v. Georgia, 557 F. App'x 840, 843 (11th Cir. 2014) (citing Helling v. McKinney, 509 U.S. 25, 33 (1993)).  "[I]f prison conditions are merely 'restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.'"  Turner v. Warden, GDCP, 650 F. App'x

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

695, 701 (11th Cir. 2016) (quoting Rhodes, 452 U.S. at 347).

Second, Plaintiff must satisfy a subjective prong by showing that Defendants acted with a culpable state of mind, which is judged under a "deliberate indifference" standard. Chandler, 379 F.3d at 1289. "Proof of deliberate indifference requires a great deal more than does proof of negligence." Goodman v. Kimbrough, 718 F.3d 1325, 1332 (11th Cir. 2013). The prison official must know of and disregard an "excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id.

Plaintiff fails to make factual allegations which establish any of the necessary elements for this claim. Plaintiff's amended complaint briefly states, "Plaintiff is being deprived of . . . his daily one (1) hour of recreation, sunlight, and fresh air." (Doc. no. 1, pp. 3.) His allegations contain no more detail, including how or when Defendant denied these privileges or any reason for doing so. His amended complaint is simply an "unadorned, the-defendant-unlawfully-harmed-me accusation," which fails to meet federal pleading standards. Iqbal, 556 U.S. at 678. Regardless, mere denial of outdoor time does not state a claim in the Eleventh Circuit: "[t]here is no *per se* constitutional right guaranteeing pretrial detainees outdoor exercise." Boatwright v. Wade, No. 416CV00294KOBHGD, 2017 WL 3836078 at *5 (N.D. Ala. Mar. 13, 2017), *adopted by* 2017 WL 3820959 (N.D. Ala. Aug. 31, 2017); see also Wilson v. Blankenship, 163 F.3d 1284, 1292 (11th Cir. 1998) (finding wardens who did not provide outdoor exercise "violated no clearly established constitutional law" (citing Jones v. Diamond, 636 F.2d 1364, 1374 (5th Cir. Jan. 1981) (*en banc*))). Plaintiff thus fails to meet either the subjective or objective prong of the conditions of confinement analysis.

Similarly, because Plaintiff provides no context to denial of outdoor time, he fails to show Defendant's actions were not reasonably related to a legitimate governmental objective. See Villarreal v. Woodham, 113 F.3d 202, 207 (11th Cir. 1997) ("A necessary restriction is the confinement of the pretrial detainee."); Lynch, 744 F.2d at 1463 ("If a restriction is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court may infer that the purpose of the government action is punishment."). The Court cannot find Defendant's alleged actions lacked a legitimate government objective without any allegations Defendant's decision was arbitrary or purposeless. See Iqbal, 556 U.S. at 678; see also Whisman v. Buice, No. 5:10-CV-503 CAR, 2012 WL 601923, at *2 (M.D. Ga. Jan. 6, 2012) (finding denial of outdoor recreation time served legitimate purpose of addressing risk of plaintiff's escape), *adopted by* 2012 WL 602127 (M.D. Ga. Feb. 23, 2012). Plaintiff fails to state any violations of Due Process.

## II.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 1st day of August, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA